# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JEFF CONKEY and SHANNON MITCHELL,** | § § § | |
| Plaintiffs, | § § | |
| **v.** | § § | |
| **MONICA CORKER, IAT INSURANCE GROUP SPECIALTY, and ACCEPTANCE INDEMNITY INSURANCE COMPANY,** | § § § § § | Civil Action No. **3:20-cv-00049-L** |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants IAT Insurance Group Specialty ("IAT") and Acceptance Indemnity Insurance Company's ("Acceptance Indemnity") Notice of Removal ("Notice") (Doc. 1);[1] and Acceptance Indemnity's Motion for Severance (Doc. 3), both filed January 8, 2020. Upon review of the Notice, motion, record, and applicable law, the court *sua sponte* **determines** that it lacks subject matter jurisdiction over this action and, accordingly, **remands** this action to state court.

## I.    Procedural and Factual Background

On November 18, 2019, Plaintiffs Jeff Conkey and Shannon Mitchell ("Plaintiffs") filed this action against all Defendants, asserting claims for (1) breach of contract, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act ("DTPA") against IAT and Acceptance Indemnity; and (2) conversion and trespass against Monica Corker ("Ms. Corker"). Plaintiffs filed their First Amended Petition (Doc. 1-11) on December 26, 2019.

---

[1] Defendant Monica Corker consented to removal of this action. Doc. 6.

Plaintiffs claims arise out of their purchase from Ms. Corker of real estate, which is located at 1924 Cedar Lane, Kemp, Texas (the "Property") *See* Pls.' Am. Pet. ¶ 5.1. After their purchase, Plaintiffs began storing large amounts of electronic equipment on the Property. On or about March 7, 2016, Ms. Corker allegedly entered the Property and stole Plaintiffs' electronic equipment. Plaintiffs were insured by IAT and Acceptance Indemnity for theft insurance coverage and filed an insurance claim for the stolen property. The companies have not paid Plaintiffs' insurance claim.

On January 8, 2020, Defendants removed this action to federal court on the basis of diversity jurisdiction, asserting that Ms. Corker, a Texas citizen, was fraudulently joined.[2] Specifically, they contend that the court should sever Plaintiffs' claims against Ms. Corker from this action because they are "wholly independent" from those asserted against IAT and Acceptance Indemnity. They further contend that Ms. Corker is not a necessary party under Federal Rule of Civil Procedure 19 and "can be dropped at any time under [Rule] 21." Defs.' Notice ¶ 2.11. Thus, according to IAT and Acceptance Indemnity, the court should disregard Ms. Corker's citizenship for the purpose of establishing diversity jurisdiction. In doing so, they contend that complete

---

[2] The court notes that IAT and Acceptance Indemnity have not properly pled the citizenship of Ms. Corker. In their Notice, they allege that Ms. Corker "is, at the time this action was filed, a resident of Henderson and/or Kaufman County and, thus, a citizen of the State of Texas." For purposes of diversity jurisdiction, "'[c]itizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). Thus, [d]omicile requires the demonstration of two factors: residence *and* the intention to remain." *Id.* at 798 (emphasis added). IAT and Acceptance Indemnity, however, failed to demonstrate that Ms. Corker has the intent to remain or is domiciled in Texas, which is required to establish the citizenship of an individual.

diversity exists because Plaintiffs are both Texas citizens,[3] and IAT and Acceptance Indemnity are citizens of North Carolina.[4]

## II.  Discussion

Before addressing the improper joinder arguments, and without considering it, the court notes that IAT and Acceptance Indemnity failed to plead sufficient jurisdictional facts to establish the citizenship of *any* of the parties.  This alone is a sufficient basis for the court to remand the action to state court.  Even if adequate allegations have been pleaded to establish complete diversity of citizenship, IAT and Acceptance Indemnity have not carried their burden with respect to improper joinder.

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past.  Although there is no substantive difference between the two terms, 'improper joinder' is preferred."  *Id*. at 571 n.1.  Accordingly, the court uses the term "improper joinder" in this opinion.  As the party wishing to invoke federal jurisdiction by alleging improper joinder, IAT and Acceptance Indemnity have the burden to establish that Ms. Corker was joined by Plaintiffs to defeat federal jurisdiction.  *Id*. at 575.  The court is to resolve "any doubt as to the propriety of

---

[3] IAT and Acceptance Indemnity also failed to provide sufficient facts demonstrating that Plaintiffs are citizens, and not merely residents, of Texas.  *See* Defs.' Notice ¶ 2.4;  *see also supra* n.2.

[4] IAT and Acceptance Indemnity provide no allegations regarding the principal place of business or state of incorporation of IAT and Acceptance Indemnity.  They also provide no allegations regarding their business type.  Instead, they provide a conclusory statement that the companies are citizens of North Carolina.  *See* Defs.' Notice ¶ 2.3.  Even if the court presumes that IAT and Acceptance Indemnity are corporations, the companies fail to allege sufficient facts to establish their citizenship.  They essentially ask the court to determine their citizenship by mere inference.  The court, however, cannot rely on such inferences to determine whether it has subject matter jurisdiction and, thus, cannot reasonably determine whether complete diversity of citizenship exists between the parties.

removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

To establish improper joinder, IAT and Acceptance Indemnity must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs*, 181 F.3d at 700 (citation omitted).

IAT and Acceptance Indemnity make no assertion that either test of the improper joinder analysis applies to the present action, and the court determines that neither test is applicable. First, the companies make no allegation that Plaintiffs fraudulently pled facts regarding Ms. Corker's citizenship. Instead, the parties agree that she is likely a Texas citizen. As the parties do not dispute Ms. Corker's Texas citizenship, the court concludes that the first test of the improper joinder analysis has not been met.

Second, IAT and Acceptance Indemnity acknowledge that Plaintiffs assert two claims[5]— conversion and trespass—against Ms. Corker in their Amended Petition. They do not, however, make any allegations that Plaintiffs cannot establish these causes of action against her, and, based on a review of the pleadings, the court determines that Plaintiffs pled sufficient facts to support their claims against Ms. Corker. Moreover, there are no allegations that Plaintiffs added Ms. Corker to this action to defeat diversity of citizenship jurisdiction. Thus, IAT and Acceptance Indemnity also failed to show that the second test of the improper joinder analysis has been satisfied. Despite their inability to meet the established test, IAT and Acceptance Indemnity assert that Ms. Corker is improperly joined because the claims against her are wholly independent from those asserted against them, and that she is not a necessary party to this action.

The court, without deciding the merits of IAT and Acceptance Indemnity's arguments, determines that it may be proper ultimately to sever Ms. Corker from this action; however, the court may not sever out a party unless it has jurisdiction to do so. Without evidence of fraud or

---

[5] To state a claim for conversion under Texas law, Plaintiffs must set forth allegations to show that: "(1) [they] legally possessed the property or was entitled to it; (2) [Ms. Corker] wrongfully exercised dominion and control over the property, excluding [them]; (3) [they] demanded the property's return; and (4) [Ms. Corker] refused." *United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th Cir. 2012) (internal quotations and citation omitted). To state a claim for trespass, Plaintiffs must set forth allegations to show: "(1) entry (2) onto the property of another (3) without the property owner's consent or authorization." *Environmental Processing Sys. L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419 (Tex. 2015).

the inability to establish a cause of action against the non-diverse party, there is no basis for the court to find improper joinder, and, thus, subject matter jurisdiction is lacking. IAT and Acceptance Indemnity contend that the court "may sever any claim against any party" under Federal Rule of Civil Procedure 21. The court agrees that it has the discretion to do so in the proper context, but it must first have subject matter jurisdiction to entertain a severance and, in this case, it does not. Based on the arguments presented, the court determines that IAT and Acceptance Indemnity have failed to establish that Ms. Corker was improperly joined.

As the record reflects, both Plaintiffs and Ms. Corker are likely citizens of Texas, and, thus, there is no complete diversity of citizenship. The court, therefore, does not have subject matter jurisdiction based on diversity of citizenship. Moreover, nothing has been alleged to demonstrate that federal question jurisdiction exists. For these reasons, the court determines that it does not have subject matter jurisdiction over this action and, accordingly, will remand this action to state court.

## III.    Conclusion

For the reasons herein stated, the court *sua sponte* **remands** this action to the County Court at Law in Kaufman County, Texas, from which it was removed, and **directs** the clerk of court to effect the remand in accordance with the usual procedure. As the court remands this action to state court, it makes no determination as to the merits of Acceptance Indemnity's Motion for Severance (Doc. 3).

**It is so ordered** this 28th day of January, 2020.

Sam A. Lindsay
United States District Judge